UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| XIAOYE BAI,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF HIGH DESERT STATE PRISON, et al.,<br><br>    Respondents. | No. 2:21-cv-04939-JGB-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.

## INTRODUCTION

On June 17, 2021, Petitioner Xiaoye Bai ("Petitioner"), a prisoner at High Desert State Prison, Indian Springs, Nevada ("High Desert") proceeding pro se, filed a "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2254, with the caption addressed to the "Southern District of California Los Angeles County, California," challenging a 2016 conviction in Los Angeles County Superior Court. Dkt. 1 ("Petition" or "Pet."). This is the second habeas petition Petitioner has filed challenging his 2016 conviction. See Bai v. Warden of Ely State Prison, et al., Case No. 2:18-cv-06486-JGB-JDE (C.D. Cal.)

("First Petition"), Dkt. 1.[1] The First Petition was dismissed without prejudice on March 28, 2019 for failure to exhaust state remedies. Id., Dkt. 16-17.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court has screened the Petition and finds it suffers from several defects. The Court therefore orders Petitioner to show cause why this action should not be dismissed.

## II.
## PROCEDURAL HISTORY

In 2012, a jury in Clark County, Nevada convicted Petitioner of conspiracy to commit kidnapping, first degree kidnapping, extortionate collection of a debt, extortion, conspiracy to commit murder, burglary while in possession of a deadly weapon, murder with a deadly weapon, and two counts of attempted murder with a deadly weapon. Nevada v. Bai, Case No. 09c259754-2. Pet. at 7 (CM/ECF pagination); Bai v. State of Nevada, et al., Case No. 2:20-cv-02042-KJD-NJK (D. Nev.), Dkt. 17. Judgment was entered on March 13, 2013, which included a sentence of life without the possibility of parole. Id. As noted, Petitioner is currently incarcerated at High Desert, serving his Nevada sentence. Pet. at 2.

Meanwhile, in 2015, Petitioner was charged with murder and premeditated attempted murder based on a 2008 incident in San Gabriel, California. Appellate Courts Case Information ("Appellate Courts") at https://appellatecases.courtinfo.ca.gov. On or about July 11, 2016, a Los Angeles County Superior Court jury found Petitioner guilty of first degree

---

[1] The Court takes judicial notice of the relevant federal and state records available electronically. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records]."); Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

2

murder (count 1) and attempted premeditated murder (count 2). Pet. at 1-2; Appellate Courts. Petitioner was sentenced to life without the possibility of parole, plus 25 years to life on count 1 and life with the possibility of parole, plus 25 years to life on count 2. Id.

Petitioner appealed his California state conviction and sentence to the California Court of Appeal. Pet. at 2. On February 7, 2018, the California Court of Appeal affirmed the convictions, but remanded the case to the trial court to consider whether to strike the firearm enhancements due to a recent amendment to the applicable statute. Pet. at 2; Appellate Courts. Petitioner thereafter filed a Petition for Review, which the California Supreme Court denied on April 18, 2018. Appellate Courts.

Petitioner filed the First Petition on June 27, 2018 in the United States District Court for the Southern District of California, which transferred the matter to this Court on July 24, 2018. First Petition, Dkt. 1-2. On November 7, 2018, Respondent filed a motion to dismiss the First Petition arguing the grounds for relief were unexhausted, which Petitioner did not oppose. Id., Dkt. 11. On February 19, 2019, the assigned Magistrate Judge issued a report and recommendation recommending the motion to dismiss be granted and the First Petition be dismissed without prejudice. Id., Dkt. 15. Petitioner did not file a timely objection to the report or seek additional time in which to do so. On March 28, 2019, the Court dismissed the First Petition without prejudice for failure to exhaust state remedies. See id., Dkt. 16-17. Thereafter, Petitioner filed two motions for reconsideration, which were denied. Id., Dkt. 20-23.

In 2021, it appears Petitioner collaterally challenged his 2016 conviction in state court by filing one or more habeas petitions in the Los Angeles County Superior Court. See Superior Court of California, County of Los Angeles at www.lacourt.org. It is unclear from the superior court's docket whether the trial court has ruled on the issue or issues raised therein.

As noted, Petitioner filed the instant Petition on June 17, 2021, challenging his California state conviction.

## III.
## PETITIONER'S CLAIMS

As explained further below, Petitioner's grounds for relief are difficult to decipher. As framed by the Petition, Petitioner alleges the following:

1. "Denied rights under Sixth and Fourt[]eenth Amendments [as] I did not receive due process of law or effective assistance of counsel at trial." Pet. at 7.

2. "Denied rights under Sixth and Fourt[]eenth Amendments as I did not receive due process of law or effective assistance of counsel on appeal." Pet. at 7.

## IV.
## DISCUSSION

Pursuant to Rule 4 of the Habeas Rules, the Court must review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, the Petition appears subject to dismissal for at least five reasons: (1) Petitioner has not submitted his Petition on the form habeas petition approved by the Central District of California; (2) Petitioner asserts vague, conclusory claims; (3) Petitioner has not exhausted his state court remedies; and (4) Petitioner has named the wrong respondent.

First, the Petition was submitted on a form approved by this district. Rule 2(d) of the Habeas Rules authorizes district courts to require habeas petitions be filed in a form prescribed by the Local Rules. This Court has such a Local Rule. See Local Rule 83-16.1 ("A petition for writ of habeas corpus . . . shall be submitted on the forms approved and supplied by the Court."). The Petition is subject to dismissal for failure to use a Court-approved form.

Second, Petitioner has not clearly set forth the grounds upon which he seeks relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Mayle v. Felix, 545 U.S. 644, 655 (2005); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

Here, Petitioner asserts two grounds for relief. In Grounds One and Two, Petitioner purports to assert claims based on violations of his Sixth and Fourteenth Amendment rights. In Ground One, Petitioner vaguely refers to "issues about witnesses, failure of [his] counsel to properly object to preserve issues, a failure of [his] counsel to investigate, and failure to offer evidence in support of trial and sentencing." Pet. at 7. In Ground Two, Petitioner claims that his appellate counsel "did not raise all the available issues and did not properly present the issues that were raised." Id. However, Petitioner provides no factual support or further explanation as these claims, such as identifying the witnesses at issue, the objections trial counsel failed to make, what additional evidence would have been discovered upon further investigation, what evidence trial counsel failed to present, and the claims and arguments appellate counsel failed to raise.

Further, it is unclear whether Petitioner is seeking to pursue claims in addition to Grounds One and Two. Specifically, in response to a question on his habeas petition asking Petitioner to identify "any ground[s] being raised in this petition" that were previously presented to this or any other court in a

habeas petition, motion, application, or other post-conviction proceeding, Petitioner initially responded, "N/A," but then proceeded to list four additional grounds for relief in response to the following-up question asking Petitioner to identify "[t]he proceedings in which these grounds were raised." Pet. at 5. These grounds for relief appear to correspond with the previously unexhausted claims raised in the First Petition. Compare Pet. at 5 with First Petition, Dkt. 1. However, as Petitioner did not list these additional grounds in response to the question on the Petition asking him to identify "every ground on which" he claims he is being held unlawfully (see Pet. at 7), it is unclear whether Petitioner seeks to pursue these additional claims in the instant Petition. Thus, the Petition falls short of the clarity required to proceed.

Third, as previously advised, under 28 U.S.C. § 2254(b)(1), federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James, 24 F.3d at 24; Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, Petitioner does not indicate whether he exhausted any of the purported grounds for relief. However, based on the federal and state court records available electronically, it appears the Petition is wholly unexhausted. In his Petition for Review with the California Supreme Court, Petitioner raised three claims of error: (1) a due process claim based upon the trial court having ordered Petitioner be restrained during trial; (2) a due process claim based upon a failure to instruct the jury as to certain defense theories; and (3) a claim of prosecutorial misconduct based upon certain comments made by the prosecutor during trial. First Petition, Dkt. 12-2. Even liberally constructing the Petition, none of the purported grounds in the instant Petition were fairly presented to or disposed of by the California Supreme Court in Petitioner's Petition for Review. Petitioner has not sought any other review in the California Supreme Court. See Appellate Courts. Thus, it appears the Petition is entirely unexhausted, rendering it subject to dismissal.

Fourth, Petitioner has not named the proper respondents. The Ninth Circuit has held the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). Typically, the proper respondent for a habeas petition is the warden of the facility in which the petitioner is incarcerated. See Stanley, 21 F.3d at 360; see also Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Under Habeas Rule 2(b), if the petitioner is subject to future custody under the state court judgment being contested, the petitioner must name as respondents both the officer who has current custody of petitioner and the Attorney General of the state where the judgment was entered. In this case, Petitioner is currently serving his Nevada state sentence and has not yet begun to serve his California state sentence. See Pet. at 2; First

Petition, Dkt. 11 at 1 n.1. Thus, Petitioner must name both the warden of High Desert, where he is currently incarcerated, and the California Attorney General, not the State of California as he has done here.

## V.

## ORDER

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is ORDERED TO SHOW CAUSE, in writing, by **no later than thirty (30) days from the date of this Order**, why this action should not be dismissed under Habeas Rule 4 for the reasons stated above. To the extent Petitioner contends he has exhausted his state court remedies, Petitioner is directed to provide information regarding his efforts to exhaust his claims in the state courts, and attach copies of any documents establishing that his claims are indeed exhausted.

<u>Alternatively</u>, Petitioner may file an amended petition **within thirty (30) days of the date of this Order** to attempt to cure the above-referenced defects. <u>The Clerk is directed to send Petitioner a blank copy of the Central District habeas petition form for this purpose</u>. The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, including naming the appropriate respondents. In ¶ 8 of the First Amended Petition, Petitioner should specify separately and concisely each federal constitutional claim that he seeks to raise and answer all of the questions pertaining to each such claim. If Petitioner contends that he exhausted his state remedies, he should list such filings in ¶¶ 4-6 of the habeas petition form. Petitioner should specify all of the grounds raised in such filings, along with the case number, the date of decision, and the result.

Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in this action being dismissed for the foregoing

reasons, for failure to prosecute, and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

Dated: June 25, 2021

_____
JOHN D. EARLY
United States Magistrate Judge